**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GWENDOLYN GAY and GWENDOLYN MONMON, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. H-07-1161 |
| ARAMARK UNIFORM AND CAREER APPAREL, INC. and CHRISTOPHER MURPHY, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

On March 30, 2007, the plaintiffs filed a third amended petition in their Harris County, Texas state-court lawsuit alleging workplace discrimination and sexual harassment. The plaintiffs sued their employer, Aramark Uniform and Career Apparel, Inc., and their supervisor, Christopher Murphy. The third amended petition reasserted the plaintiffs' claims under state law, including violations of the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.051, retaliation, vicarious liability, assault and battery, intentional infliction of emotional distress, and negligence. The third amended petition also added federal discrimination claims under 42 U.S.C. § 1981. On April 5, 2007, the defendants removed the case to federal court under 28 U.S.C. § 1441 based on federal-question jurisdiction under 28 U.S.C. § 1331. (Docket Entry No. 1). The plaintiffs moved to remand. (Docket Entry No. 8).

A civil action filed in state court is removable to federal court if the claim is one "arising under" federal law. 28 U.S.C. §§ 1331, 1441(a). Under the "well-pleaded complaint" rule, the plaintiff is generally entitled to remain in state court if the complaint does not affirmatively allege a federal claim on its face. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). To support removal, a right or immunity created by the Constitution or federal law must be an essential element of the plaintiff's cause of action. *Id.* (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10–11 (1983)). To determine whether federal-question jurisdiction exists, the court looks to the record in the state court at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Ambiguities are resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Under section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because the plaintiffs' third amended petition unambiguously states a claim under a federal statute—42 U.S.C. § 1981—this court has federal-question removal jurisdiction. Although the plaintiffs are correct in pointing out that federal and state courts have concurrent jurisdiction over section 1981 claims, this does not undercut federal removal jurisdiction so as to require remand. *See DeHorney v. Bank of Am. Nat. Trust & Sav. Ass'n*, 879 F.2d 459, 463 (9th Cir.

1989). When a plaintiff has a claim that can be asserted under both federal or state law, she may avoid federal jurisdiction by exclusive reliance on state law. *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). But when, as here, the plaintiffs plead a federal claim, federal removal jurisdiction applies, even if the claim is not exclusively within federal jurisdiction.

The plaintiffs argue that removal is improper under the forum-defendant rule of section 1441(b). This rule only applies in cases removed on the basis of diversity jurisdiction. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). Removal in federal question cases is "without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

This court also has jurisdiction to hear the supplemental state-law claims. *See* 28 U.S.C. §§ 1367(a), 1441(c).

The motion to remand is denied. The response to the motion for summary judgment is due by **June 15, 2007**.

SIGNED on May 22, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge